JUDGE BUCHWALD

07 CV 6698

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CLIFTON GIBBON,                                    07 Civ.

        Plaintiff,

- against -                                         COMPLAINT

CITY OF NEW YORK,                                  PLAINTIFF DEMANDS
                                          TRIAL BY JURY IN
        Defendant.                          THIS ACTION

-----------------------------------------------------------X

        Plaintiff Clifton Gibbon ("Gibbon"), by his attorneys, Schwartz, Lichten & Bright, P.C., complains of defendant City of New York, as follows:

### JURISDICTION AND VENUE

        1. This is an action brought to remedy discrimination in employment on the basis of disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); the New York State Human Rights Law, Executive Law § 290 et seq. ("Human Rights Law"); and the Administrative Code of the City of New York, § 8-101 et seq. ("Administrative Code").

        2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367, and 42 U.S.C. § 12117(a).

        3. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 12117(a). Compensatory damages are sought pursuant to 42

U.S.C. § 1981a; Executive Law § 297(9); and Administrative Code, § 8-502(a). Punitive damages are sought pursuant to 42 U.S.C. § 1981a and Administrative Code, § 8-502(a).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. § 12117(a) and Administrative Code, § 8-502(f).

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 21, 2006. The United States Department of Justice, on July 18, 2007, issued plaintiff a notice informing him of his right to sue defendant. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

## PARTIES

7. Gibbon was employed by the New York City Department of Transportation ("DOT") as an Assistant City Highway Repairer ("ACHR") from March 2001 until his discharge on March 10, 2006.

8. DOT is a municipal department of defendant City of New York, with its headquarters at 40 Worth Street, New York, New York.

## FACTS

9. Gibbon has been diagnosed with benign prostatic hyperplasia with acute urinary retention. One of the symptoms of Gibbon's condition is impairment of his ability to urinate. Gibbon is able to perform all of the functions of an ACHR.

10. On March 10, 2006, DOT notified Gibbon that the agency had "medically disqualified" Gibbon from his position as ACHR, effective immediately. On March 31, 2006, DOT advised Gibbon that his medical disqualification was due to Gibbon's inability to provide a urine specimen on February 17, 2006.

11. Gibbon was unable to provide a urine specimen because of his disability.

## FIRST CAUSE OF ACTION

12. DOT discharged Gibbon because he has a physical impairment that substantially limits at least one major life activity, urination. Defendant therefore discriminated against plaintiff because of his disability. By its acts and practies described above, defendant has violated the ADA.

13. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiff's rights protected under federal law.

## SECOND CAUSE OF ACTION

14. By its acts and practices described above, defendant has violated the Human Rights Law.

15. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

### THIRD CAUSE OF ACTION

16. By its acts and practices described above, defendant has violated the Administrative Code.

17. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

### ON THE FIRST CAUSE OF ACTION

(a) declaring that the acts and practices complained of herein are in violation of the ADA;

(b) enjoining and permanently restraining these violations of the ADA;

(c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) directing defendant to place plaintiff in the position he would have continued to occupy but for defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for defendant's discriminatory treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

4

(e) directing defendant to pay plaintiff compensatory and punitive damages and damages for his mental anguish and humiliation;

(f) awarding plaintiff reasonable attorney's fees and the costs of this action;

(g) granting such other and further relief as this Court deems just and proper;

ON THE SECOND CAUSE OF ACTION

(h) awarding compensatory damages in an amount not yet ascertained;

ON THE THIRD CAUSE OF ACTION

(i) awarding compensatory and punitive damages in an amount not yet ascertained; and

(j) awarding plaintiff reasonable attorney's fees and costs of this action;

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated: New York, New York
       July 25, 2007

SCHWARTZ, LICHTEN & BRIGHT, P.C.

_____
By:  Stuart Lichten (SL-1258)
Attorneys for Plaintiff
275 Seventh Avenue - 17th Floor
New York, New York  10001
(212) 228-6320

5