EXHIBIT I

# Westchester Medical Care, PLLC

Patient Name __Clifton Gibson__  Age __55__  Date __2-17-06__

What is the reason for your visit today? __NO__

Is visit related to a work injury? __NO__  Is visit related to a car accident? __NO__

Has your insurance changed? __NO__  Has you address/phone changed? __NO__

BP ____  HR ____  Temp ____  LMP ____  Allergies __NKDG__

2/17/06- Stacy  Bladder  Exam  554.0 & meds
BP:120/70  At here for evaluation, unable to
P:120  produce urine specimen at recent drug test.
H-5'6  Pt denies H/o renal dz.
W-210  Pt states he has seen his PCP last year      SMOKER
who told him that his "prostate was            YES
PMH      swollen" and that's why at times he
HTN      cannot urinate. He was given a medication,
Hyperlipidemia  he cannot remember the name, for a short time.
         He says he has times when he feels like he
Meds     has to urinate, but the "urine just won't come out."
Norvasc  Other times he reports urinary incontinence.
Lipitor .
         Abd ⊕ BS soft NT/ND
         ⊘ CVA tend
ETOH. rare,  Rectal  prostate smooth, slightly enlarged
   occ beer.
⊘ drug use  Plan/ - UA
⊘ H/o DWI .        - BUP, PSA

         Jeffrey Cruz MD         MBon RPAC .

Jeffrey Altholz, MD        Michelle Bonamassa, RPA-C        Gary Lehrman, MD

MED0005

04/04/2006  14:27   914-345-3169          WESTCHESTER MEDICAL          PAGE 02/02

212 676 9585

## LabCorp

LabCorp Raritan
69 First Avenue, Raritan, NJ 08869-0000                        Phone: 908-526-2400

| SPECIMEN | TYPE | PRIMARY LAB | REPORT STATUS | Page #: | 1 |
|----------|------|-------------|---------------|---------|---|
| 048-042-3065-0 | S | RN | COMPLETE | | |

ADDITIONAL INFORMATION      SS#:

FASTING: N
PHONE: 718-423-0342  DOB: 8/05/1950

| PATIENT NAME | SEX | AGE(YR./MOS.) |
|--------------|-----|---------------|
| GIBBON, CLIFTON | M | 55 / 6 |

PT. ADDR: 180 S. CENTRAL AVENUE

| Elmsford | NY | 10523-0000 |
|----------|----|-----------|

| DATE OF COLLECTION TIME | DATE RECEIVED | DATE REPORTED | TIME | |
|-------------------------|---------------|---------------|------|---|
| 2/17/2006  13:22 | 2/18/2006 | 2/18/2006 | 9:07 | 633B |

**CLINICAL INFORMATION**
CD- 10026205493

| PHYSICIAN ID. | PATIENT ID. |
|---------------|-------------|
| ALTHOLZ J | 101684885 |

ACCOUNT: JEFFREY ALTHOLZ MD (C)
CLINICAL ACCOUNT
180 S Central Ave

| Elmsford | NY | 10523-0000 |
|----------|----|-----------|

ACCOUNT NUMBER:  31607850

| TEST | RESULT | | LIMITS | LAB |
|------|--------|---|--------|-----|
| Urinalysis, Routine | | | | RN |
| Urinalysis Gross Exam | | | | RN |
| Specific Gravity | 1.015 | | 1.005 - 1.030 | RN |
| pH | 7.0 | | 5.0 - 7.5 | RN |
| Urine-Color | Yellow | | Yellow | RN |
| Appearance | Clear | | Clear | RN |
| WBC Esterase | Negative | | Negative | RN |
| Protein | Negative | | Negative/Trace | RN |
| Glucose | Negative | | Negative | RN |
| Ketones | Negative | | Negative | RN |
| Occult Blood | Negative | | Negative | RN |
| Bilirubin | Negative | | Negative | RN |
| Urobilinogen,Semi-Qn | 1.0 | EU/dL | 0.0 - 1.9 | RN |
| Nitrite, Urine | Negative | | Negative | RN |
| Microscopic Examination | | | | RN |
| Microscopic follows if indicated. | | | | |
| Basic Metabolic Panel (8) | | | | RN |
| Glucose, Serum | 105 H | mg/dL | 65 - 99 | RN |
| BUN | 16 | mg/dL | 5 - 26 | RN |
| Creatinine, Serum | 1.3 | mg/dL | 0.5 - 1.5 | RN |
| BUN/Creatinine Ratio | 12 | | 8 - 27 | |
| Sodium, Serum | 138 | mmol/L | 135 - 148 | RN |
| Potassium, Serum | 3.9 | mmol/L | 3.5 - 5.5 | RN |
| Chloride, Serum | 98 | mmol/L | 96 - 109 | RN |
| Carbon Dioxide, Total | 26 | mmol/L | 20 - 32 | RN |
| Calcium, Serum | 10.3 | mg/dL | 8.5 - 10.6 | RN |
| Prostate Specific Ag, Serum | | | | |
| Prostate-Specific Ag, Serum | 1.8 | ng/mL | 0.0 - 4.0 | RN |

*handwritten: NORMAL KIDNEY FUNCTION*

Beckman (formerly Hybritech) ICMA methodology.  Values obtained with
different assay methods or kits cannot be used interchangeably.
Results cannot be interpreted as absolute evidence of the presence or
absence of malignant disease.

LAB: RN LabCorp Raritan                    DIRECTOR: Irene Isaac V MD
69 First Avenue, Raritan, NJ 08869-0000

| Pat Name: GIBBON,CLIFTON | Pat ID: 101684885 | Spec #: 048-042-3065-0 | Seq #: 633B |
|--------------------------|--------------------|-----------------------|-------------|

Results are Flagged in Accordance with Age Dependent Reference Ranges
Last Page of Report

MED0007

EXHIBIT J



February 24, 2006

Re: CLIFTON GIBBON---SHY BLADDER EVALUATION

To: Anna Budd---NYC DOT

From: Jeffrey Altholz MD—*Certified, Medical Review Officer*

On February 17, 2006 Mr. Clifton Gibbon underwent Evaluation for Shy Bladder in compliance with 49 CFR Part 40.193, after not providing a urine specimen for drug testing.

Mr. Gibbon had a medical examination, a thorough medical and medication history and blood/urine tests at Westchester Medical Care PLLC in accordance with 49 CFR Part 40.193 to evaluate the possible presence of an acceptable alternative medical explanation for not providing a urine specimen as required when required for testing.

After review of all the clinical information, this test is deemed a ***refusal to test*** as no acceptable alternative medical explanation was discovered. As you know, a refusal to test is exactly equivalent to a positive test under Federal DOT regulations.

Please do not hesitate to call me with any questions or concerns you may have regarding this evaluation or the DOT regulations surrounding it.

Sincerely,

Jeffrey Altholz, MD
*Diplomate*, American Board of Internal Medicine
NYS License # 170767

MED0006



Clarity Testing Services Inc
56 Lafayette Ave
Suite 380
White Plains, NY 10603

## ATTENTION:

Anna Budd
Department Of Transportation NYC
40 Worth Street Room 810
New York, NY 10013

Home Base: Queens- Park Drive East
Participant: Clifton Gibbon
Participant ID: 769
SSN: 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

# Results of DOT Controlled Substance Test

Record Status: **REFUSED**
Test Type: Pre-Employment
Collection Date/Time: 02/15/2006
Batch_ID: 20060228
Specimen ID:
Date COC Received:

Laboratory:

Collection Site: Mobile Testing Unit
Job Site Location
Elmsford, NY 10523
Specimen Collector: Lorenzo Robinson

| Substance Tested | Result | Substance Tested | Result |
|---|---|---|---|
| Amphetamines | REFUSED | Cocaine | REFUSED |
| Marijuana | REFUSED | Phencyclidine | REFUSED |
| Opiates | REFUSED | | |

Donor underwent Evaluation for Shy Bladder on 2/17/06. After review the test was verified as a REFUSAL TO TEST.

This test was performed, recorded, and reported in accordance with CFR 49 Part 40.

Medical Review Officer: Jeffrey Altholz M.D.

Date Verified: 02/17/2006

EOC00108

EXHIBIT K

**New York City**
**Department of Transportation**

Personnel Department
40 Worth Street, Room 801
New York, New York 10013
Tel: 212/442-6563
Fax: 212/442-6530

Iris Weinshall, Commissioner

Web: www.nyc.gov/dot

March 10, 2006

RE:    Assistant City Highway Repairer
SSN:   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

## NOTICE OF MEDICAL DISQUALIFICATION

Dear Mr. Gibbons:

The following action has been taken concerning your proposed appointment to the above Position:

The Department of Transportation has found you NOT QUALIFIED for the following reasons:

   {X}    Medically:    See explanation below

   { }    Failed to complete Medical Examination

At your medical evaluation no legitimate medical condition was found that would have prevented production of a sufficient specimen. Pursuant to Federal regulations, your test result has been determined by our Medical Review Officer (MRO) to be a "refusal to test" which under the federal regulations carries the same consequences as a positive test result.

The above decision may be appealed in writing by your physician. If you wish to do so, please contact the MRO by faxing the doctor's note to (914) 347-4901.

Very truly yours,

Jean Frankowski
Director of Personnel

EOC00110

DIAL 311 | Government Services & Information for NYC

EXHIBIT L

THU    0:33  2127244006  PETER SHAW    P.01

Attention
Joe. Pules

# QLI

### QUEENS-LONG ISLAND MEDICAL GROUP, P.C.

3/8/06

To whom it may concern

Re - Mr Clifton Gibbon

This is to state Mr Clifton Gibbon
has benign prostatic hyperplasia
which causes problems with
urination. In case of any
questions. feel free to call
me @ 718 526  6300 ext 8049

Yours sincerely

M Bharara

M. BHARARA M.D.
Lic. # 211683
DEA # BB6541836

PFR0006

EXHIBIT M



QUEENS-LONG ISLAND MEDICAL GROUP, P.C.

3/22/06

To whom it may concern

Re Clifton G Gibbon

This is to state that Mr Clifton C Gibbon has BPH. Patient commenced on Flomax 2/18/06 & patient is now able to urinate comfortably and take a drug test.

Yours Sincerely

M Bharara

M. BHARARA, M.D.
Lic. # 214683
DEA # BB6541836

000007

EXHIBIT N

2006-03-23 14:39:40 (GMT)   1 914 206 5444  From Jeffrey Altholz, MD

# FAX COVER SHEET

| | |
|---|---|
| TO | Anna Budd |
| COMPANY | NYC DOT |
| FAX NUMBER | 12124427834 |
| FROM | Jeffrey Altholz, MD |
| DATE | 2006-03-23 14:44:19 CMT |
| RE | Gibbons Additioanl Data #2 |

## COVER MESSAGE

Dear Anna:

I have received an additional note dated 3/22/06 from Dr Bharara regarding medical information pertaining to Clifton Gibbons and his inability to provide a specimen for drug testing.

I have reviewed this information carefully and after consideration of the data contained in the letter, it does not change the prior conclusion that Mr. Gibbons test be deemed a refusal to test. Based on 49 CFR Part 40 guidelines, no valid medical explanation is being offered.

Please feel free to call with any questions.

Sincerely,

Jffrey Altholz MD

Certified Medical Review Officer
Diplomate, American Board of Internal Medicine

EOC00112

EXHIBIT O

**New York City**
**Department of Transportation**

Iris Weinshall, Commissioner

Personnel Department
40 Worth Street, Room 801
New York, New York 10013
Tel: 212/442-6563
Fax: 212/442-6530

Web: www.nyc.gov/dot

March 31, 2006

Mr. Clifton Gibbon.

Flushing, NY 11361

Dear Mr. Gibbon:

On February 17, 2006 you underwent a required medical evaluation in compliance with 49 CFR Part 40, after you failed to provide a urine specimen for drug testing on February 15, 2006. The Medical Review Officer (MRO) reviewed all the clinical information and determined that your original failure to provide a specimen was a "refusal to test". Under the Federal DOT regulations, this carries the same consequences as a positive test result. On March 10, 2006 you were notified by letter that you were found medically "not qualified" for the position of Assistant City Highway Repairer because of this test result.

Subsequently, DOT received notice from the Medical Review Officer that additional medical information was forwarded to him by your physician. DOT's MRO now states that he has considered the information and that it does not change the prior conclusion that your test be deemed a "refusal to test". Therefore, the prior determination of "not qualified" must stand.

Very truly yours,

Jean Frankowski
Director of Personnel

EOC00114

DIAL
311 | Government Services
& Information for NYC

EXHIBIT P



Queens-Long Island
Medical Group, P.C.
Caring for our community

06/16/06

To whom it may concern:

Re: Clifton G Gibbon
DOB: 08/06/50

Mr Gibbon was initially referred to me for evaluation of lower urinary tract symptoms which he described as urgency, frequency, hesitancy and weak flow of urine. These symptoms he reports present for about 6 months. He was given Flomax by his PCP (Dr. Bhorava) for a presumed enlarged prostate (BPH).

On exam the patient has a mildly enlarged prostate by rectal, however prostate volume can be determined by ultrasound.

The patient reports difficulty submitting a urine specimen when asked, each time, while not on Flomax.

I have asked the patient to restart Flomax and will proceed with Urodynamics if patient continues to have voiding dysfunction, in order to document either bladder outlet obstruction either due to BPH

**000008**

— over —



Queens-Long Island
Medical Group, P.C.
Caring for our community

-Continued-

Re: Clifton G Gibbon
DOB: 08/06/50

or poor bladder contractility.

At present I am unable to state why
Mr. Gibbon is unable to give a urine
specimen when requested. While he may
have BPH and Flomax is used to improve
his voiding habits and urinary flow, it
does not explain why he is unable to
submit a urine test when requested.

Thank you.

Marlon Cornejo, MD.

**000009**

Jamaica Estates Medical Offices: 180-05 Hillside Avenue, Jamaica, NY 11432 • 718.526.6300 • Fax: 718.262.7045 • www.qlimg.com

EXHIBIT Q

# JUDGE BUCHWALD    07 CV    6698

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

CLIFTON GIBBON,                                      07 Civ.

      Plaintiff,

  - against -                                        COMPLAINT    JUL 25 2007

CITY OF NEW YORK,                                    PLAINTIFF DEMANDS S.D.N.Y.
                                      TRIAL BY JURY IN
      Defendant.                                   THIS ACTION

------------------------------------------------------X

        Plaintiff Clifton Gibbon ("Gibbon"), by his attorneys, Schwartz, Lichten & Bright, P.C.,

complains of defendant City of New York, as follows:

## JURISDICTION AND VENUE

        1.  This is an action brought to remedy discrimination in employment on the basis of

disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.

§ 12101 et seq. ("ADA"); the New York State Human Rights Law, Executive Law § 290 et seq.

("Human Rights Law"); and the Administrative Code of the City of New York, § 8-101 et seq.

("Administrative Code").

        2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367,

and 42 U.S.C. § 12117(a).

        3. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief

are sought pursuant to 42 U.S.C. § 12117(a).  Compensatory damages are sought pursuant to 42

U.S.C. § 1981a; Executive Law § 297(9); and Administrative Code, § 8-502(a). Punitive damages are sought pursuant to 42 U.S.C. § 1981a and Administrative Code, § 8-502(a).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. § 12117(a) and Administrative Code, § 8-502(f).

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 21, 2006. The United States Department of Justice, on July 18, 2007, issued plaintiff a notice informing him of his right to sue defendant. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADA.


## PARTIES

7. Gibbon was employed by the New York City Department of Transportation ("DOT") as an Assistant City Highway Repairer ("ACHR") from March 2001 until his discharge on March 10, 2006.

8. DOT is a municipal department of defendant City of New York, with its headquarters at 40 Worth Street, New York, New York.

2

FACTS

9. Gibbon has been diagnosed with benign prostatic hyperplasia with acute urinary retention. One of the symptoms of Gibbon's condition is impairment of his ability to urinate. Gibbon is able to perform all of the functions of an ACHR.

10. On March 10, 2006, DOT notified Gibbon that the agency had "medically disqualified" Gibbon from his position as ACHR, effective immediately. On March 31, 2006, DOT advised Gibbon that his medical disqualification was due to Gibbon's inability to provide a urine specimen on February 17, 2006.

11. Gibbon was unable to provide a urine specimen because of his disability.

FIRST CAUSE OF ACTION

12. DOT discharged Gibbon because he has a physical impairment that substantially limits at least one major life activity, urination. Defendant therefore discriminated against plaintiff because of his disability. By its acts and practies described above, defendant has violated the ADA.

13. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiff's rights protected under federal law.

SECOND CAUSE OF ACTION

14. By its acts and practices described above, defendant has violated the Human Rights Law.

3

15. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

## THIRD CAUSE OF ACTION

16. By its acts and practices described above, defendant has violated the Administrative Code.

17. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

## ON THE FIRST CAUSE OF ACTION

(a)  declaring that the acts and practices complained of herein are in violation of the ADA;

(b)  enjoining and permanently restraining these violations of the ADA;

(c)  directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d)  directing defendant to place plaintiff in the position he would have continued to occupy but for defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for defendant's discriminatory treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

4

(e) directing defendant to pay plaintiff compensatory and punitive damages and damages for his mental anguish and humiliation;

(f) awarding plaintiff reasonable attorney's fees and the costs of this action;

(g) granting such other and further relief as this Court deems just and proper;

## ON THE SECOND CAUSE OF ACTION

(h) awarding compensatory damages in an amount not yet ascertained;

## ON THE THIRD CAUSE OF ACTION

(i) awarding compensatory and punitive damages in an amount not yet ascertained; and

(j) awarding plaintiff reasonable attorney's fees and costs of this action;

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated: New York, New York
July 25, 2007

SCHWARTZ, LICHTEN & BRIGHT, P.C.

By: Stuart Lichten (SL-1258)
Attorneys for Plaintiff
275 Seventh Avenue - 17th Floor
New York, New York 10001
(212) 228-6320