Docket No. 07 CV 6698 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Clifton Gibbon,

                                                                  Plaintiff,

-against-

City of New York,

                                                                  Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Jason Friedman*
*Tel:  (212) 788-1328*
*Matter No. 2007-022849*

Bruce Rosenbaum,
Jason Friedman,
  Of Counsel.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................... 2

    POINT I ........................................................................................................................... 2

        PLAINTIFF CANNOT DEMONSTRATE THAT THERE IS A TRIABLE ISSUE OF FACT REGARDING HIS CLAIM OF DISABILITY DISCRIMINATION BY DEFENDANTS THAT PRECLUDES GRANTING DEFENDANT SUMMARY JUDGMENT ................................................................................. 2

        A.   Applicable Analytic Framework For Analyzing A Disability Discrimination Claim ........................................................ 2

        B.   Plaintiff Is Not Disabled Within The Meaning Of The ADA. ........................................................................................ 3

        C.   Defendant Had A Legitimate, Non-Discriminatory Reason For Not Reappointing Plaintiff As A Seasonal Assistant City Highway Repairer And Plaintiff Cannot Demonstrate Pretext ..................................................................................... 6

        D.   Even If Plaintiff Is Deemed To Be Disabled Under The ADA, Defendant Did Not Deny Plaintiff A Reasonable Accommodation Of That Alleged Disability ............................................................... 7

        E.   Plaintiff Cannot Demonstrate That He Was Discriminated Against On The Basis Of A Disability Under Either The SHRL Or The CHRL ......................................................................................... 9

CONCLUSION ......................................................................................................................... 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CLIFTON GIBBON,

                                  Plaintiff,

             -against-                           07 CV 6698 (NRB)

CITY OF NEW YORK,

                                Defendant.
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Clifton Gibbon ("Plaintiff"), a former Seasonal Assistant City Highway Repairer ("ACHR") for the New York City Department of Transportation ("NYCDOT"), brought this suit alleging that he was subjected to disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), the New York State Human Rights Law, NY Executive Law §§ 290 et seq. ("State Human Rights Law" or "SHRL"), and the NYC Human Rights Law, NYC Administrative Code §§ 8-101 et seq. ("City Human Rights Law" or "CHRL") when he was terminated after failing a federally mandated pre-employment drug test. Plaintiff contends that he was unable to provide a sufficient urine sample because he has benign prostatic hyperplasia ("BPH") (commonly known as an "enlarged prostate"). Plaintiff contends that having BPH prevents him from urinating sometimes and that not being hired because of his inability to urine at the time of his mandated pre-employment drug test was discriminatory.

Defendant submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 56, for complete summary judgment dismissing all of plaintiff's claims. As set

forth more fully herein, plaintiff cannot establish that he was "disabled" or that he was denied a reasonable accommodation even if he were deemed to be disabled. Accordingly, summary judgment should be granted dismissing the Complaint in its entirety.

## STATEMENT OF FACTS

For a complete statement of the undisputed facts relevant to this motion, the Court is referred to defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("56.1 Statement") dated May 14, 2008 submitted herewith.

## ARGUMENT

## POINT I

**PLAINTIFF CANNOT DEMONSTRATE THAT THERE IS A TRIABLE ISSUE OF FACT REGARDING HIS CLAIM OF DISABILITY DISCRIMINATION BY DEFENDANTS THAT PRECLUDES GRANTING DEFENDANT SUMMARY JUDGMENT**

A.  **Applicable Analytic Framework for Analyzing a Disability Discrimination Claim**

It is not clear under what theory of disability discrimination plaintiff is proceeding – disparate treatment or denial of a reasonable accommodation. In analyzing a disparate treatment discrimination claim under the ADA, the courts apply the burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). See Siederbaum v. City of New York, 309 F. Supp. 2d 618, 623 (S.D.N.Y. 2004) (applying McDonnell Douglas in the ADA context), aff'd, 121 Fed. Appx. 435 (2005) (summary order). Under this analysis, a plaintiff must satisfy his initial burden by establishing a prima facie case of discrimination. To establish a prima facie case of discrimination under the ADA, a plaintiff must show that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; and (3) he could perform the essential functions of his job with or without reasonable

2

accommodation; and (4) he suffered an adverse employment decision. See Reeves v. Johnson Controls World Services, Inc., 140 F.3d 144, 149-150 (2d Cir. 1998). Failure to satisfy any single element is a sufficient basis to dismiss plaintiff's disability claims.

If the plaintiff can establish a prima facie case, the burden shifts to the defendant to set forth a legitimate, nondiscriminatory reason for the employment action at issue. If the defendant carries its burden of production, any inference of discrimination that resulted from plaintiff's prima facie case fails. In order to prevail on his claim, the plaintiff must establish that the nondiscriminatory reason proffered by the defendant was a mere pretext for discrimination. The ultimate burden of persuasion on the issue of discrimination remains at all times on the plaintiff employee. See Siederbaum v. City of New York, 309 F. Supp. 2d at 623.

**B.    Plaintiff Is Not Disabled Within The Meaning of The ADA.**

Under the ADA, a plaintiff will be classified as "disabled" if he shows that he: (1) has a physical or mental impairment that substantially limits one or more of his major life activities; (2) has a record of such an impairment; or (3) is perceived by his employer as having such an impairment. See 42 U.S.C. § 12102(2); Colwell v. Suffolk County Police Dept., 158 F.3d 635, 641 (2d Cir. 1998); Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 870-71 (2d Cir. 1998). In this case, plaintiff appears to be contending that the NYCDOT failed to reappoint him to his Seasonal ACHR position because of the medical condition he claims to have – benign prostatic hyperplasia (also known as "BPH" or an enlarged prostate).

It is well settled that merely having an impairment does not make one disabled for purposes of the ADA. Plaintiffs also need to demonstrate that the impairment substantially limits a major life activity. See Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 195 (2002). Plaintiff, however, cannot demonstrate that he is disabled within the meaning of the ADA. It is undisputed that plaintiff contends that his medical condition does not substantially limit one or

3

more of her major life activities. Indeed, plaintiff has proffered no evidence of a covered disability. Plaintiff merely contends that he was treated for a prostate problem around the time he was scheduled for a mandatory pre-employment drug test. See, e.g., Toyota Motor Mfg. Ky. v. Williams, 534 U.S. at 198 (". . . it is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment.") (emphasis added).

The Metropolitan Transportation Authority was recently granted summary judgment in a case where its employee claimed disability discrimination for being terminated for failing to provide an adequate urine sample at a drug test. Straker v. Metropolitan Transit Authority, Case No. 03-CV-1756 (FB) (KAM), 2008 U.S. Dist. LEXIS 23130 (E.D.N.Y. March 20, 2008). The employee in Straker claimed that he could not urinate due to a physical impairment, in that matter, a flare up of genital herpes. Following a medical examination the medical review officer ("MRO") concluded that the employee had no medical explanation for his inability to urinate. This conclusion was made despite employee's doctors' reports stating that his herpes flare up had prevented him from urinating. The court found that while the employee's condition caused him pain, it never interfered with his ability to do his job. Moreover, the court ruled that the employee could not contend that his impairment substantially limited his ability to urinate since he had taken drug tests before and after the test in question. Id.

Accordingly, like the plaintiff in Straker, plaintiff's condition does not render him disabled under the ADA. Id; See also Balistrieri v. Express Drug Screening, 2008 U.S. Dist. LEXIS 26839 (E.D.WI. 2008)(Employee claimed that shy bladder syndrome prevented him from producing enough urine for a Department of Transportation drug test and he was given water and

4

three hours to produce urine, he did not and was terminated. The District Court granted summary judgment since a shy bladder is not a disability under the ADA.).

Plaintiff has simply failed to show how his prostate problem substantially limited him in a major life activity. Specifically, plaintiff testified that his problem urinating came and went and that when not in a test situation he could urinate at his leisure. Exhibit "A," Pl. Depo. at pp. 60-61.[1] Plaintiff further testified at his deposition that (without medication) he might have to wait four to five minutes before being able to urinate. Exhibit "A," Pl. Dep. at 39-40, 61. However, plaintiff conceded at his deposition that having BPH did not effect his everyday life and that it never effected him at work. Exhibit "A," Pl. Depo. at 61. When asked if the slight swelling of his prostate causes him other problems besides some intermittent difficulty in urinating, plaintiff responded that "it just give me problems to pee sometimes, that's it, nothing more." Exhibit "A," Pl. Depo. at pp. 68-69. Moreover, just like the plaintiff in Straker, plaintiff had taken numerous drug tests before the one on February 17, 2006. See Exhibit "A," Pl. Depo. at 35 ("I take so many drug tests, you know."). In fact plaintiff was able to provide a urine sample two days following the test in question when he was examined by the MRO in Westchester. See Exhibit "I."

Moreover, plaintiff cannot prevail as an individual with a disability under the ADA for a separate and distinct reason. The Supreme Court has held in Sutton v. United Air Lines, 527 U.S. 471, 482-83 (1999) that "[a] person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity" and is therefore not "disabled" under the ADA.

---

[1] Unless otherwise stated, all exhibits referred to herein are annexed to the Declaration of Assistant Corporation Counsel Jason Friedman dated May 14, 2008 accompanying this memorandum of law.

5

Sutton, 527 U.S. at 482-83. See also Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 565-567 (1999)(mitigating measures must be taken into account in judging whether an individual possesses a disability). Plaintiff's alleged impairment of benign prostatic hyperplasia, like many other conditions which can be managed by medication and minor alterations in a person's lifestyle, is not permanent or constant enough to qualify as a "disability" within the meaning of the ADA. Here, the record shows that plaintiff's treating physician prescribed plaintiff's use of the medication Flomax for any urination difficulties he might have been experienced because of a slightly enlarged prostate. See, e.g., Exhibit "M," Dr. Bharara's March 22, 2006 letter. Plaintiff testified that he could urinate when on Flomax and that his prescription only ran out two days before his drug test. See Exhibit "A," Pl. Depo. at 38. He also testified that he refilled his prescription on the same afternoon as his medical exam in Westchester. See Exhibit "A," Pl. Depo. at 58. Further, plaintiff has testified that when he was taking Flomax, he did not have problems urinating. See Exhibit "A," Pl. Depo. at 39.

Accordingly, for all the reasons mentioned above, plaintiff cannot show that he was disabled under the ADA.

**C.    Defendant Had A Legitimate, Non-Discriminatory Reason For Not Reappointing Plaintiff As A Seasonal Assistant City Highway Repairer And Plaintiff Cannot Demonstrate Pretext**

Moreover, even if plaintiff could establish that he was "disabled" under the ADA, defendant had legitimate business reasons for not reappointing plaintiff as a Seasonal Assistant City Highway Repairer, and plaintiff cannot demonstrate that defendant's actions were pretextual.

Plaintiff, as a Seasonal ACHR and holder of a CDL, was also subject to reasonable cause/suspicion, post-accident and random drug tests. See Exhibit "F," NYCDOT Controlled Substance Policy, at 2, 5-7; Exhibit "A," Pl. Dep. at 29-32. Therefore, before being

6

appointed as a Seasonal ACHR for the 2006 season plaintiff had to pass a pre-employment drug test administered at 40 Worth Street, NY, NY, on February 15, 2006. Exhibit "A," Pl. Dep. at 29, 30, and 62.  Here, plaintiff was not reappointed because he was unable to provide a 45ml urine sample within three hours of his first attempt as required by the U.S. DOT regulations.

Plaintiff does not allege and cannot demonstrate that any similarly situated non-disabled Seasonal ACHR was excused from having to pass a pre-employment drug test in accordance with U.S. DOT regulations and the NYCDOT Controlled Substance Policy. Nor can plaintiff demonstrate that defendant's reasons for not reappointing him as a Seasonal ACHR was pretextual. As the Second Circuit observed:

> Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude. . . . It is therefore important in [alleged discrimination] . . . cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals.

Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002). The Alfano Court's reasoning is particularly compelling here, where plaintiff has set forth nothing other than his own allegations, and cannot show that defendant's legitimate business reasons were a pretext for discrimination. Therefore, plaintiff's disparate treatment disability discrimination claim must fail.

D.   **Even If Plaintiff Is Deemed To Be Disabled Under The ADA, Defendant Did Not Deny Plaintiff A Reasonable Accommodation Of That Alleged Disability.**

Alternatively, in order to make out a prima facie case of discrimination based on an employer's failure to accommodate, a plaintiff must show that: (1) he is an individual who has a disability within the meaning of the statute, (2) an employer covered by the statute had notice of his disability, (3) with reasonable accommodation, he could perform the essential functions of the position sought, and (4) the employer has refused to make such accommodations. See Stone

7

v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997), cert. denied, 522 U.S. 1112 (1998)).[2]

In the instant matter plaintiff does not allege in the complaint that he made any requests for an accommodation. The federally regulated drug tests have accommodations interwoven with the regulation in order to accommodate people in situations like plaintiff. At no time before or during the test did plaintiff make any requests for a new test day or time. Exhibit "H," Sumler Decl. and Tester Statement annexed to Sumler Decl. Plaintiff was given three hours to attempt to urinate. Plaintiff was allowed to make an attempt to urinate whenever he felt the need during those three hours. Exhibit "A," Pl. Dep. at 62. He just had to wait until he felt the need to go. He was also given water. These were accommodations that plaintiff never even requested, but that were simply provided to him pursuant to the federal regulations. See Buckley v. Consolidated Edison Co., 155 F.3d 150 (2d Cir. 1998)(Court concluded that an employer administered drug test without an accommodation for a neurogenic bladder of extending the three hour time limit to urinate was not violative of ADA and that the lower court was correct to dismiss amended complaint.).

Accordingly, plaintiff has presented no evidence to show that he either made a request for a reasonable accommodation or that defendant failed to grant any request for an accommodation under the ADA. Accordingly, any alternate claim of disability discrimination on the basis of an alleged denial of a request for a reasonable accommodation must be dismissed in its entirety.

---

[2] For the reasons set forth above in subsection B, plaintiff cannot demonstrate that he is "disabled" within the meaning of the ADA and therefore defendant had no duty to reasonably accommodate any "disability" plaintiff claims he has. However, even if plaintiff could show that he was "disabled" under the ADA, he cannot demonstrate any of the remaining elements of any purported claim of failure to accommodate.

8

E.  **Plaintiff Cannot Demonstrate That He Was Discriminated Against On The Basis Of A Disability Under Either The SHRL Or The CHRL.**

The New York State Human Rights Law ("SHRL") contains a somewhat broader definition of "disability" than the ADA. See N.Y. Exec. Law § 292(21)[3]; Reeves v. Johnson Controls World Services, Inc., 140 F.3d 144, 154-56 (2d Cir. 1998). The City Human Rights Law similarly provides a somewhat broader definition of "disability" than the ADA. See NYC Administrative Code § 8-102(16).[4] However, a cause of action for disparate treatment discrimination under the SHRL is judged by the same standards as a discrimination or perceived discrimination claim under the ADA and Title VII. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714-15 (2d Cir. 1996); Song v. Ives Lab., Inc., 957 F.2d 1041, 1048 (2d Cir. 1992)

---

[3] N.Y. Exec. Law § 292(21) states: "21. The term 'disability' means (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held."

[4] NYC Administrative Code § 8-102(16) states:

"16. (a) The term 'disability' means any physical, medical, mental or psychological impairment, or a history or record of such impairment.

(b) The term 'physical, medical, mental, or psychological impairment' means:

(1) an impairment of any system of the body; including, but not limited to: the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or

(2) a mental or psychological impairment.

(c) In the case of alcoholism, drug addiction or other substance abuse, the term 'disability' shall only apply to a person who (1) is recovering or has recovered and (2) currently is free of such abuse, and shall not include an individual who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use."

9

(disparate treatment discrimination claims brought under the SHRL are analogous to claims brought under Title VII, and the same elements and burdens of proof and production apply).[5]

Assuming that plaintiff is "disabled" within the meaning of the SHRL and CHRL, given that the legal standards for discrimination claims under the ADA and under New York state law are essentially the same, the above discussion of plaintiff's federal ADA claims applies to his state claims as well.

Even if plaintiff does have BPH and that is considered a disability under the statute, plaintiff's own urologist does not believe that it would have prevented him from providing a sufficient amount during the three hour test:

> At present I am unable to state why Mr. Gibson is unable to give a urine specimen when requested. While he may have BPH and Flomax is used to improve his voiding habits and urinary flow, it does not explain why he is unable to submit a urine test when requested.

Exhibit "P," June 16, 2006, medical report from Dr. Corujo.

Accordingly, plaintiff cannot make a prima facie claim for discrimination since his alleged disability is not the reason he could not urinate and therefore not the reason for his failed drug test. Guzman v. ARC XVI Inwood, Inc., 97 Civ. 0031 (THK), 1999 U.S. Dist. LEXIS 3983 (S.D.N.Y. March 30, 1999).

Even if plaintiff's BPH was the reason he could not provide a sufficient sample, he has produced no evidence to show that defendant actually discriminated against him for it. Plaintiff has no evidence that defendant even knew of his BPH. Plaintiff speculates that during a

---

[5] The State and City Human Rights Laws are analyzed in the same manner. See, e.g., Sirota v. N.Y. City Bd. of Educ., 283 A.D.2d 369, 370 (1st Dep't 2001) (construing ADA, SHRL and CHRL); Schmitt v Kiley, 124 A.D.2d 661, 662-63, 507 N.Y.S.2d 907 (2d Dep't 1986), appeal denied, 69 N.Y.2d 612 (1987) (construing SHRL).

December drug test he told an employee, Rhay Sumler, that he was having trouble urinating, however he was still able to provide a sufficient urine sample that day. See Exhibit "A," Pl. Depo. at 37. Furthermore, there was no evidence presented that plaintiff ever informed either his employer or the test takers that he was diagnosed with BPH. Moreover, even if defendant was made aware of plaintiff's alleged disability, plaintiff has not shown that he was treated any differently than any other Seasonal ACHR seeking employment. Defendant has to follow the federal drug testing procedures set forth in 49 CFR Part 40. The defendant's decision to not qualify plaintiff was therefore not a product of discrimination, but a an adherence to a federal regulation.

Even if plaintiff was able to make a prima facie case for discrimination, he would still have to show that NYCDOT denied him a reasonable accommodation. A "reasonable accommodation" is an action taken that permits a disabled employee "to perform in a reasonable manner the activities involved in the job . . . sought or held and include, but are not limited to, provision of an accessible worksite, acquisition or modification of equipment, support services for persons with impaired hearing or vision, job restructuring and modified work schedules; provided, however, that such actions do not impose an undue hardship on the business." N.Y. Exec. Law § 292(21-e); Anyan v. N.Y. Life Ins. Co., 192 F. Supp. 2d 228, 246 (2002), aff'd, 68 Fed. Appx. 260 (2d Cir. 2003) (summary order).

As noted above in subsection D, at no time before or during the test did plaintiff make any requests for a new test day or time. Exhibit "H," Sumler Decl. and Tester Statement annexed to Sumler Decl. Plaintiff was given three hours to attempt to urinate. Plaintiff was allowed to make an attempt to urinate whenever he felt the need during those three hours. Exhibit "A," Pl. Dep. at 62. He just had to wait until he felt the need to go. He was also given

water. These were accommodations that plaintiff never even requested, but that were simply provided to him pursuant to the federal regulations. Moreover, even if the test providers were inclined to allow him another chance, the federal regulations limit the time to provide a sample to three hours. 49 CFR § 40.193.

Accordingly, plaintiff has failed to show he was discriminated against under the State or City Human Rights laws.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court issue an order granting its motion for summary judgment and dismissing plaintiff's action in its entirety, with prejudice, and that it grant such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           May 14, 2008

                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                              City of New York
                                            Attorney for Defendant
                                            100 Church Street, Room 2-300
                                            New York, New York 10007
                                            (212) 788-0924
                                            jfriedma@law.nyc.gov

By: _____
                                            Jason Friedman
                                            Assistant Corporation Counsel

Bruce Rosenbaum,
Jason Friedman,
  Of Counsel.