Docket No. 07 CV 6698 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Clifton Gibbon,

Plaintiff,

-against-

City of New York,

Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jason Friedman*
*Tel: (212) 788-1328*
*Matter No. 2007-022849*

Bruce Rosenbaum,
Jason Friedman,
   Of Counsel.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

CLIFTON GIBBON,

Plaintiff,

         -against-                 07 CV 6698 (NRB)

CITY OF NEW YORK,

Defendant.

-----------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Clifton Gibbon ("Plaintiff"), a former Seasonal Assistant City Highway Repairer ("ACHR") for the New York City Department of Transportation ("NYCDOT"), brought this suit alleging that he was subjected to disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), the New York State Human Rights Law, NY Executive Law §§ 290 et seq. ("State Human Rights Law" or "SHRL"), and the NYC Human Rights Law, NYC Administrative Code §§ 8-101 et seq. ("City Human Rights Law" or "CHRL") when he was terminated after failing a federally mandated pre-employment drug test. Plaintiff contends that he was unable to provide a sufficient urine sample because he has benign prostatic hyperplasia ("BPH") (commonly known as an "enlarged prostate"). Plaintiff contends that having BPH prevents him from urinating sometimes and that not being hired because of his inability to urine at the time of his mandated pre-employment drug test was discriminatory.

In its initial moving papers, defendant argued that plaintiff cannot establish that he was "disabled" or that he was denied reappointment or a reasonable accommodation because

of his supposed disability even if he were deemed to be disabled.  Defendant further argued that plaintiff cannot establish that that he was discriminated against on the basis of a disability under either the ADA, the SHRL or the CHRL.

In opposition to defendant's motion for summary judgment, plaintiff erroneously contends that on the basis of the record before the Court there is a material question of fact that should be decided by a jury concerning whether plaintiff is "disabled" under the ADA.  Plaintiff also erroneously alleges that the NYCDOT has a "per se rule" that an employee diagnosed with BPH does not suffer from a medical condition that that might cause difficulty in urination and that, therefore, NYCDOT failed to accommodate plaintiff's putative disability.  In support, plaintiff relies upon a mischaracterization of a statement made in the City position statement to the EEOC, inadmissible hearsay consisting of an internet printout describing BPH generally, an inadmissible "expert" opinion from a urologist retained by plaintiff's counsel and a declaration from plaintiff that in significant part contradicts his deposition testimony.

Plaintiff's arguments are without merit, and as stated more fully below, do not create a triable issue of fact.  On the basis of the record before the Court, plaintiff does not establish that there is a triable issue of fact regarding whether he is substantially limited in his ability to urinate.  Moreover, plaintiff's arguments that his medical condition was not "correctable" with medication is not supported by the record.  Further, the cases cited by plaintiff in support of his contentions are either distinguishable or inapposite.  There is no dispute that plaintiff was subject to a pre-employment drug test, governed by federal Dep't of Transportation regulations.  The record shows that plaintiff did not make any request for a "reasonable accommodation" prior to his drug test, notwithstanding his contention that he stopped taking his prostate medication.  Accordingly, for the reasons set forth below and in defendant's May 14,

2008 memorandum of law, summary judgment should be granted to defendant dismissing the Complaint in its entirety.

## STATEMENT OF FACTS

For a complete statement of the undisputed facts relevant to this motion, the Court is referred to defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("56.1 Statement") dated May 14, 2008.

## ARGUMENT

### POINT I

**PLAINTIFF CANNOT DEMONSTRATE THAT THERE IS A TRIABLE ISSUE OF FACT REGARDING HIS CLAIM OF DISABILITY DISCRIMINATION BY DEFENDANTS THAT PRECLUDES GRANTING DEFENDANT SUMMARY JUDGMENT**

As explained in defendant's initial moving papers, plaintiff has simply failed to show how his prostate problem substantially limited him in a major life activity. Specifically, plaintiff testified that his problem urinating came and went and that when not in a test situation he could urinate at his leisure. Exhibit "A," Pl. Depo. at pp. 60-61.[1] Plaintiff further testified at his deposition that (without medication) he might have to wait four to five minutes before being able to urinate. Exhibit "A," Pl. Dep. at 39-40, 61. However, plaintiff conceded at his deposition that having BPH did not effect his everyday life and that it never effected him at work. Exhibit "A," Pl. Depo. at 61. When asked if the slight swelling of his prostate causes him other problems besides some intermittent difficulty in urinating, plaintiff responded that "it just

---

[1] Unless otherwise stated, all exhibits referred to herein are annexed to the Declaration of Assistant Corporation Counsel Jason Friedman dated May 14, 2008 accompanying defendant's initial moving papers.

give me problems to pee sometimes, that's it, nothing more." Exhibit "A," Pl. Depo. at pp. 68-69. In fact plaintiff was able to provide a urine sample two days following the test in question when he was examined by the MRO in Westchester. See Exhibit "I."

In an attempt to create question of fact, plaintiff submits a declaration that contradicts his deposition testimony suggesting now that he has been experiencing problems urinating "at least once a week over the past three years" and stating, in conclusory fashion without any factual support, that his problems urinating "has greatly disrupted my life on an ongoing basis." See Declaration of Clifton Gibbon dated May 30, 2008 ("Clifton Decl.") at ¶ 3. Plaintiff further states, in conclusory fashion without any factual support, that "[t]o this day, I regularly experience an inability to urinate." Id. at ¶ 8. However, a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony. Hayes v. New York City Dep't of Correction, 84 F.3d 614, 619 (2d Cir. 1996). Plaintiff's declaration in opposition is directly contradicted by his deposition testimony summarized above and does not, therefore, create a question of fact barring summary judgment.

Further, whether an employee is a "qualified individual with a disability" is dependent on that employee's condition at the time of the alleged adverse employment action. King v. Town of Wallkill, 302 F. Supp. 2d 279, 289 (S.D.N.Y. 2004). There is no dispute that plaintiff testified that Flomax helped him urinate easier, that he was prescribed Flomax in November or December of 2005, and that when he was taking Flomax, he did not have problems urinating. Exhibit "A," Pl. Dep. at 38, 39. Plaintiff has further testified that when he stopped taking Flomax, he might have to wait four to five minutes before being able to urinate. Exhibit "A," Pl. Dep. at 39-40, 61. Plaintiff testified that he ran out of the pills approximately 2 or 3

4

days before his scheduled pre employment drug test on February 17, 2006.[2]  Exhibit "A," Pl. Dep. at 38, 39.  Finally, there is no dispute that plaintiff was able to obtain a new supply of Flomax that lasted at least 90 days.  Exhibit "A," Pl. Dep. at 58-60.  Thus, at the time of the drug test and the subsequent decision to deny plaintiff reemployment as a Seasonal ACHR, plaintiff's medical condition was "uncorrected" for at most 2-3 days.

However, a disability under the ADA "'does not include temporary medical conditions, even if those conditions require extended leaves of absence from work' because such conditions are not substantially limiting."  Huskins v. Pepsi Cola of Odgensburg Bottlers, Inc., 180 F. Supp. 2d 347, 352 (N.D.N.Y. 2001) (quotation omitted).  The Second Circuit has repeatedly found that temporary injuries requiring claimants to take a few months off from work are "too short [in] duration to be 'substantially limiting.'"  Adams v. Citizens Advice Bureau, 187 F.3d 315, 316-17 (2d Cir. 1999) (quoting Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 646 (2d Cir. 1998), cert. denied, 526 U.S. 1018 (1999)).  See also Anyan v. N.Y. Life Ins. Co., 192 F. Supp. 2d 228, 245 (S.D.N.Y. 2002), aff'd, 68 Fed. Appx. 260 (2d Cir. 2003 (summary order).

Plaintiff attempts to establish his status of a qualified individual with a disability by reference to the period of time after plaintiff stopped taking Flomax.  Such an attempt is unavailing.  Plaintiff cites no case authority approving the use of evidence to show how a major life activity has been impacted subsequent to the time when the alleged discrimination has

---

[2] Incredibly, plaintiff offers no explanation for why he did not obtain a new supply of medication prior to his drug test, having been previously put on notice that he would be tested on February 15, 2006 and knowing that he would be required to supply a urine specimen.  Plaintiff also offers no explanation for why he did not bring the problem of the lapsed prescription to the attention of the test monitor for the NYCDOT either prior to the day of the test or on the day of the test, particularly since he testified that he experienced problems urinating at home on the morning of the drug test.  See Exhibit "A," Pl. Dep. at 41-42.

occurred.  Indeed, in <u>Heilweil v. Mount Sinai Hosp.</u>, 32 F.3d 718, 724 (2d Cir. 1994), <u>cert.</u> <u>denied</u>, 513 U.S. 1147 (1995), the Second Circuit held that the plaintiff could not rely upon evidence as to her medical condition two years after she was removed from her job.  In that case, the plaintiff tried to use medical reports from 1991 to suggest she suffered from a more serious respiratory disease than the asthma of which her employer was aware in 1989.  The Court "[did] not think this later obtained medical information [was] probative on the issue of whether or not [plaintiff] was a handicapped person . . . when in June 1989 [the defendant] decided to discharge her."  <u>Heilweil v. Mount Sinai Hosp.</u>, 32 F.3d 718, 724 (2d Cir. 1994), <u>cert. denied</u>, 513 U.S. 1147 (1995).  The opinion goes on to provide that "an employer is only responsible for employment decisions based on information available to it when it decides."  <u>Id.</u> at 725.

In his opposition papers, plaintiff also mischaracterizes the Court's holding and analysis in <u>Sutton v. United Air Lines</u>, 527 U.S. 471, 482-83 (1999) to suggest that plaintiff's putative "disability" should not be evaluated taking into consideration that plaintiff's condition is one that can be managed by medication and is therefore not a "disability" within the meaning of the ADA.  <u>See</u> Plaintiff's Memo of Law in Opposition at 6-10.  Plaintiff would have this Court construe <u>Sutton</u> to mean that if a person whose medical condition is correctable by taking a certain medication fails to take such medication, that the person's impairment must be analyzed without taking into the beneficial effects of the medication.

The relevant disability determination in this case turns not on the symptoms of untreated BPH, but on the effect of plaintiff's BPH when he received medication.  <u>See</u> <u>Sutton v.</u> <u>United Air Lines, Inc.</u>, 527 U.S. 471, 483-84 (1999).  Indeed in <u>Sutton</u>, the Court observed that if only general information about how an uncorrected impairment usually affects individuals were the proper approach to making a disability determination under the ADA, courts would almost

certainly find, e.g., all diabetics to be disabled, because if they failed to monitor their blood sugar levels and administer insulin, they would almost certainly be substantially limited in one or more major life activities. Id. at 483.

> While plaintiff's medical condition may indeed have prevented him from working during the time he stopped taking his medication, this fact, standing alone, is not sufficient to establish he was disabled within the meaning of the ADA. Under the statute, an employee who suffers from an impairment which affects a "major life activity," such as working, must nonetheless prove that the limitation is "substantial." Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 641 (1998). For the purpose of the ADA, "short term, temporary restrictions are not 'substantially limiting' and do not render a person 'disabled.'" Conley v. United Parcels Serv., 88 F. Supp. 2d 16, 19 (E.D.N.Y. 2000) (citing 29 C.F.R. 1630.2(j)(2)).

McKinney v. New Process Gear Div. of New Venture Gear, Inc., 97-CV-1870 (NAM), 2000 U.S. Dist. LEXIS 9787, *20 n.3 (N.D.N.Y July 10, 2000). See Johnson v. Maynard, 01 Civ. 7393 (AKH) 2003 U.S. Dist. LEXIS 2676 (S.D.N.Y. Feb. 20, 2003) (Since plaintiff had medication available to her, and knew that she could function normally if she took it, she cannot be said to have been substantially impaired if she neglected to avail herself of such corrective measures); Hewitt v. Alcan Aluminum Corp., 185 F. Supp. 2d 183, 189 (N.D.N.Y 2001) (A plaintiff who does not avail himself of corrective medication is not a qualified individual under the ADA).

Plaintiff reliance on several cases cited in his Memo of Law in Opposition at pp. 5-6 is unavailing. First, plaintiff's reliance on Capobianco v. City of New York, 422 F.3d 47 (2d Cir. 2005) as support for his assertion at p.5 of him memo of law that "[w]hether a plaintiff is

---

[4] The Second Circuit docket sheet for the appeal in Kinneary is annexed hereto as Appendix "A" for the Court's convenience.

disabled is a question of fact for the jury" is misplaced. The Second Circuit simply held that there was a question of material fact that would preclude summary judgment. <u>Capobianco v. City of New York</u>, 422 F.3d at 58. Here, there are no such issues of material fact. Plaintiff has not submitted any evidence which could create a triable issue of fact.

Similarly, plaintiff incorrectly relies on <u>Kinneary v. City of New York</u>, 536 F. Supp. 2d 326, 331 (S.D.N.Y. 2008), as support for his contention that a "disability affecting an employee's ability to urinate constitutes a disability under the ADA." <u>See</u> Plaintiff's Memo of Law in Opposition at 5. No such holding can be found in <u>Kinneary</u>. A motion for summary judgment was not permitted by the Court in <u>Kinneary</u>; therefore no ruling was made by the Court on whether the plaintiff in <u>Kinneary</u> was actually disabled as a matter of law. The issue of whether the Court improperly denied defendants the opportunity to move for summary judgment, the issue of whether the plaintiff in <u>Kinneary</u> was "disabled" under the ADA and well as several other issues are currently before the 2d Circuit in an appeal filed by the defendants in that case.[4]

Plaintiff reliance on <u>Hall v. Claussen</u>, 2001 U.S. App. LEXIS 3404 (10th Cir. 2001), to show that his prostate impairment is a disability under the ADA is similarly without merit. The plaintiff in <u>Hall</u> was a sheriff's deputy who was diagnosed as suffering from prostatitis and benign prostate hyperplasia and the record showed that urination became frequent (approximately every thirty to forty five minutes) and painful, necessitating plaintiff to be placed on medical leave by his employer. The plaintiff in <u>Hall</u> claimed that this prostatitis was a severe impairment on the major life activity of working. The Court found that a jury could have reasonably concluded that there was a broad range of jobs in law enforcement that could not be performed adequately if one required frequent and immediate access to a bathroom, as Mr. Hall did. Thus, the district court denied defendants' motion for summary judgment as a matter of

8

law.  Plaintiff's case is distinct from Hall's case because Hall claimed and was able to show that his ability to work, a major life activity, was substantially impaired by his urine issue.  Here, plaintiff is claiming that his ability to urinate is impaired and, because of this, he was a qualified individual with a disability.  However, on this record, plaintiff has only shown that he was inconvenienced by his urinary problems and he has already testified that his difficulties did not affect his ability to work at all; "it never affect me no time on me work, you know."  Exhibit "A," Pl. Dep. at 61.

In opposition to defendant's motion, plaintiff also relies upon a mischaracterization of a statement made in the City position statement to the EEOC.  Plaintiff appears to be erroneously contending that the NYCDOT employs a per se rule that persons diagnosed with BPH are not "disabled" under the ADA.  See Plaintiff's Memo of Law in Opposition at 10-12.  However, a review of the defendant's position statement to the EEOC clearly shows that no such position was taken by the City before the EEOC.  See Plaintiff's Exhibit E.

To bolster his contention that he suffers from a qualifying disability, plaintiff offers inadmissible hearsay consisting of an internet printout describing BPH generally.  See Plaintiff's Exhibit C.  Even if this internet printout were considered by the Court, it should not be, it only stands for the proposition that BPH may prevent someone from urinating.  It is not probative of plaintiff's condition, particularly given plaintiff's deposition testimony and the his medical evaluations in the record.  Finally, plaintiff offers an inadmissible "expert" opinion from a urologist retained by plaintiff's counsel which should not be considered by the Court.  See Plaintiff's Exhibit G.  First, the report does not comply with FRCP 26(a)(2) and should not be considered for that reason alone.  Further, it is no more than inadmissible hearsay.  The Second

Circuit has held that "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997). Further, courts have held that doctors' letters are "inadmissible hearsay and may not properly be considered." Burgos v. City of Rochester, No. 99 Civ. 6480 (JWF), 2003 U.S. Dist. LEXIS 22454, *9 (W.D.N.Y. Mar. 31, 2003). See also Douglas v. Victor Capital Group, 21 F. Supp.2d 379, 391 (S.D.N.Y. 1998) (Summary judgment granted in ADA case where the only medical evidence plaintiff relied upon were inadmissible hearsay doctor letters).

## CONCLUSION

For the foregoing reasons and for the reasons set forth in defendant's May 14, 2008 memorandum of law, defendant respectfully requests that the Court issue an order granting its motion for summary judgment and dismissing plaintiff's action in its entirety, with prejudice, and that it grant such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           June 16, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-300
                              New York, New York 10007
                              (212) 788-0924
                              jfriedma@law.nyc.gov

                              By: _____
                                  Jason Friedman
                                  Assistant Corporation Counsel

Bruce Rosenbaum,
Jason Friedman,
  Of Counsel.

10

Appendix "A"



# General Docket
## US Court of Appeals for the Second Circuit
Second  Circuit Court of
Appeals

                                                        LEAD

                                                        OPEN

Court of Appeals Docket #:        08-1330-cv
Nsuit : 3442              CIVIL RIGHTS-Jobs

Kinneary v. City of New York                    Filed   3/19/08

Appeal     SDNY (NEW YORK CITY)
from:

Case type information:

        Civil

        Private

        None

Lower court information:

     District:       04-cv-5183

     Trial Judge:    Victor  Marrero

     MagJudge:       James C. Francis

     Date Filed:     07/01/04

     Date order/judgement:     3/7/2008

     Date NOA filed:  3/18/2008

Fee status: Paid

Panel Assignment:

Panel:

Date of decision:

Prior cases:  NONE

Current cases NONE

Official Caption 1/

                                                        LEAD

```
                                                 OPEN

------------------------------------------
Docket No. [s] : 08-1330 -cv
Joseph  Kinneary,

        Plaintiff-Appellee-Cross-Appellant,

v.


City of New York,  Marsha  Rothem, Individually,  Zoe
Ann  Campbell, Individually,  Louis  Tazzi, Individually,


        Defendants-Appellants-Cross-Appellees.

------------------------------------------



Authorized Abbreviated Caption 2/
------------------------------------------
Docket No. [s] : 08-1330 -cv

Kinneary  v.  City of New York
------------------------------------------



--------------------------------------------------------
-----------------
1/ Fed. R. App. P. Rule 12 [a] and 32 [a].
2/ For use on correspondence and motions only.

Docket as of   June 10, 2008       10:05 am              Page   2

                                                        LEAD

                                                        OPEN

Joseph  Kinneary              Ambrose W. Wotorson Esq.

Plaintiff-Appellee-Cross      [ LD ret ]
-Appellant                    Law office of Ambrose W.
                              Wotorson, Esq.
                              26 Court St.
                              Brooklyn  , NY , 11242

                              718-797-4861

City of New York              Leonard  Koerner Esq.

Defendant-Appellant-Cros      [ LD ret ]
s-Appellee                    Corporation Counsel , City of
                              New York
```

```
                              100 Church St.
                              New York  , NY , 10007

                              212-788-1010

Louis  Tazzi                  Leonard  Koerner Esq.(See above)

Defendant-Appellant-Cros      [ LD inf ]
s-Appellee

Marsha  Rothem                Leonard  Koerner Esq.(See above)

Defendant-Appellant-Cros      [ LD inf ]
s-Appellee

Zoe Ann  Campbell             Leonard  Koerner Esq.(See above)

Defendant-Appellant-Cros      [ LD inf ]
s-Appellee

Docket as of   June 10, 2008     10:05 am          Page   3

                                                   LEAD

                                                   OPEN


City of New York              Victoria  Scalzo Esq.

Defendant-Appellant-Cros      [ ret ]
s-Appellee                    Corporation Counsel , City of
                              New York
                              100 Church St.
                              New York  , NY , 10007

Docket as of   June 10, 2008     10:05 am          Page   4

                                                   LEAD

                                                   OPEN


    3/19/08  APPELLANT    City of New York,  Louis Tazzi,
             Marsha Rothem,  Zoe Ann Campbell,  Copy of
             notice of appeal and district court docket
             entries on behalf of  APPELLANT    City of
             New York,  Louis Tazzi,  Marsha Rothem,  Zoe
             Ann Campbell,  filed.    [Entry date Mar 25
             2008 ]  [YL]

    3/19/08  Copy district court docker entry re: receipt
             payment of docketing fee filed on behalf of
             APPELLANT    City of New York,  Louis Tazzi,
             Marsha Rothem,  Zoe Ann Campbell,  RECEIPT
             #E645141  [Entry date Mar 25 2008 ]  [YL]

    3/19/08  Copy of district court Judgment dated March
             7, 2008 RECEIVED.  [Entry date Mar 25 2008
             ]  [YL]
```

3/19/08    Index in lieu of Record on Appeals
           Electronically Filed (Original documents
           remain in the originating court).
           [Entry date Mar 25 2008  ]  [YL]

3/27/08    APPELLANT    City of New York, Louis Tazzi,
           Marsha Rothem, Zoe Ann Campbell, Form C
           filed, with proof of service.    [Entry date
           Apr 1 2008  ]  [YL]

3/27/08    APPELLANT    City of New York, Louis Tazzi,
           Marsha Rothem, Zoe Ann Campbell, Form D
           filed, with proof of service.    [Entry date
           Apr 1 2008  ]  [YL]

4/2/08     Form C from APPELLEE    Joseph Kinneary,
           received.   [Entry date Apr 3 2008  ]  [YL]

4/2/08     Form D from APPELLEE    Joseph Kinneary,
           received.   [Entry date Apr 3 2008  ]  [YL]

4/2/08     Pre-Argument Conference Notice and Order
           from Stanley A. Bass, Scheduled For: Friday,
           April 18, 2008 at 4:30p.m., Filed.   [Entry
           date Apr 7 2008  ]  [YL]

4/2/08     Scheduling order #1 filed. Record on appeal
           due 5/2/2008. Appellants brief due
           5/9/2008. Appellees brief due 6/9/2008.
           Ready week 7/21/2008. (SAB)   [Entry date
           Apr 7 2008  ]  [YL]

4/7/08     The new case manager assigned to this case
           is: Martin, Angela.   [Entry date Apr 7
           2008  ]  [YL]

Docket as of   June 10, 2008      10:05 am              Page   5

                                                        LEAD

                                                        OPEN

4/8/08     Notice of appeal acknowledgment letter from
           Victoria Scalzo received.   [Entry date Apr
           10 2008  ]  [RD]

4/21/08    Scheduling order #2 filed. Appellants brief
           due 6/9/2008. Appellees brief due 7/9/2008.
           Ready week 8/18/2008.   [Entry date Apr 22
           2008  ]  [RD]

4/21/08    Notice to counsel re: Scheduling order #2
           filed April 21, 2008.   [Entry date Apr 22
           2008  ]  [RD]

5/1/08     1st Supplemental Index in lieu of Record on

```
             Appeals  Electronically Filed  (Original
             documents   remain in the originating court).
                [Entry date May  9 2008  ]  [CI]

5/22/08   Scheduling order #3 filed. Appellants brief
          due  6/9/2008. Appellees brief due  7/9/2008.

           Appellant-Cross-Appellee`s brief in
          response to the Cross Appeal due 8/8/08.
          Appellee-Cross-Appellant`s brief replying to
          Cross Appeal Due 8/22/08. Ready wee   [Entry
          date May 22 2008  ]  [LR]

5/22/08   Notice to counsel:  re: Scheduling order 3.
             [Entry date May 22 2008  ]  [LR]

5/28/08   Appellant-Cross-Appellee  City of New York,
          et al, motion for extended time to file
          Appellants' brief and joint appendix and
          permission to file this motion out of time,
          filed with proof of service.  [Entry date
          May 29 2008  ]  [CI]

6/2/08    Order FILED GRANTING motion for extended
          time by Appellant-Cross-Appellee  City of
          New York, et al, endorsed on motion dated
          5/28/2008, "to this extent: Appellant`s
          brief and joint appendix shall be filed on
          or before July 9, 2008;  Appelle`s brief
          shall be filed on or before August 11, 2008;
          and the appeal may be heard as early as the
          week of September 29, 2008." Before: RKW,
          CJ. (JP) [Entry date Jun  3 2008  ]  [CI]

6/3/08    Notice to counsel in re: Order FILED on
          6/2/08, GRANTING motion for extended time by
          Appellant-Cross-Appellee  City of New York,
          et al, endorsed on motion dated 5/28/2008,
          "to this extent: Appellant`s brief and joint
          appendix shall be filed on or before July 9,
          2008;  Appelle`s brief shall be filed on or
          before August 11, 2008; and the appeal may
          be heard as early as the week of September
          29, 2008.  [Entry date Jun  3 2008  ]  [CI]

6/3/08    The new case manager assigned to this case
          is: Tassone, Francesca.  [Entry date Jun  3
          2008  ]  [EJ]

Docket as of   June 10, 2008     10:05 am        Page   6

                                                 LEAD

                                                 OPEN

Docket as of   June 10, 2008     10:05 am        Page   7
```

# PACER Service Center
## Transaction Receipt

06/12/2008 13:53:33

| | | | |
|---|---|---|---|
| **PACER Login:** | xxxxxxxx | **Client Code:** | |
| **Description:** | dkt report | **Case Number:** | 08-1330 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |